IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CATHERINE W. WOKANOVICZ,

        CASE NO.: 5:19-441

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, WAL-MART STORES, EAST, LP ("Defendant") hereby files this Notice of Removal from the Circuit Court in and for Marion County, Florida to the United States District Court for the Middle District of Florida, Ocala Division. The grounds for removal are as follows:

### I.    STATEMENT OF THE GROUNDS FOR REMOVAL

1. The removed case is a civil action filed in the Circuit Court in and for Marion County, Florida, assigned Case No. 2019-CA-001225, and captioned *Catherine W. Wokanovicz v. Wal-Mart Stores East, LP*. This Court has original jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This personal-injury claim arises from an alleged incident involving Plaintiff on October 14, 2018 at Wal-Mart Store number 4588. Plaintiff alleges that while she was reaching for merchandise when she was struck by a store employee descending a ladder, which caused plaintiff to fall. See Comp.¶6. According to Plaintiff, Catherine W. Wokanovicz, suffered

damages that include "bodily injury, and resulting pain and suffering, disability, disfigurement, mental and anguish and pain, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition and has incurred substantial medical expenses for treatment and care, past, present and future." She has alleged the, "losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff . . . will continue to suffer same in the future." See Compl.¶10.

## II.     PAPERS FROM REMOVED ACTION

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant, including the Complaint, are attached collectively as Exhibit "A".

## III.     THE REMOVAL IS TIMELY

4.     Plaintiff commenced this action on or about June 6, 2019. The Complaint was not initially removable under 28 U.S.C. § 1446(b) because it lacked the necessary showing for diversity jurisdiction. *See Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1062-63 (11th Cir. 2010) (requiring the grounds for removal based upon a complaint to be at least "facially apparent").

5.     The Complaint alleged damages in excess of only the state-court jurisdictional threshold. See Compl. ¶1. *Hill v. Toys "R" Us, Inc.*, No. 10-0404-WS-B, 2010 WL 3834532, at *1 (S.D. Ala. Sept. 24, 2010) (holding that "[t]he amount in controversy is not apparent from the face of the complaint" when the plaintiff alleged only general injuries and damages such as "pain and suffering" and "medical bills") (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)); see generally *Lowery v. Alabama Power Co*., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (noting that "it is highly questionable whether a defendant could ever file a notice of removal on diversity grounds . . . where the defendant . . . has only bare pleadings containing unspecified damages on which to base its notice").

6. 28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

7. On July 22, 2019, Plaintiff responded to Defendant's First Request for Admissions. Plaintiff's Answer neither admitted nor denied the minimum amount in controversy for federal diversity jurisdiction, but asserted an objection. See Req. for Adm. (June 21, 2019), and Pl. Resp (July 22, 2019), attached as Composite Exhibit "B". On August 6, 2019, Plaintiff responded to Defendant's first Interrogatories enumerating that Plaintiff incurred medical costs of at least $74,323.54 as a result of the injuries related to the case at hand, and noted that Plaintiff's medical care was continuing, and therefore the Answer was subject to a later amendment. See Pltf Ans. to Interrogatories, attached as Composite Exhibit "C". Additionally, Plaintiff responded to Plaintiff's Request for Production on August 6, 2019, producing documents supporting her allegation that she has incurred medical expenses of, at least, $74,323.54, and has been directed to receive future medical costs of an additional $80,000.00 to over $280,000.00 as a result of injuries related to this case. See Pl. Medical Bills attached as Composite Exhibit "D".

8. The above discovery responses are the first indication of the showing necessary for removal under diversity jurisdiction. *See Morock v. Chautauqua Airlines, Inc.,* No. 8:07-CV-00210- T17MAP, 2007 WL 1725232, at *3 (M.D. Fla. June 14, 2007) (holding removal timely because "[d]efendant ascertained the jurisdictional threshold was met upon receiving the answers to . . . requests for admissions"); *see also Enterline v. Sears, Roebuck & Co.*, No. 2:08-cv-221-JES-DNF, 2008 WL 1766911, at *2-*3 (M.D. Fla. Apr. 15, 2008) (holding that the case "was not

3

removable to federal court based on the initial pleadings" and order on requests for admission regarding the amount in controversy "was the first 'order or other paper' from which it could be ascertained that the case was removable").

9. In this case, and those cited above, courts allow removal upon subsequent receipt of "other paper," such as answers to interrogatories and responses to production requests, that indicate the basis for diversity jurisdiction. *See Enterline*, 2008 WL 1766911, at *3; *Morock*, 2007 WL 1725232, at *3. Therefore, this Notice of Removal is timely filed within 30 days of receipt of the response to Defendant's Request for Production and Defendant's Interrogatories and within one year of commencement of the action.

## IV.   THE VENUE REQUIREMENT IS MET

10. Venue of this removal is proper in the Middle District of Florida under 28 U.S.C. § 1441(a) because the Circuit Court of Orange County, Florida is within the Orlando Division of the Middle District of Florida.

## V.   BASIS FOR DIVERSITY JURISDICTION

11. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. There is complete diversity of citizenship and no properly joined and served defendant is a citizen of Florida.

12. Plaintiff is, and at the time of filing this action was, a citizen of Florida. See Compl. ¶ 2. The Complaint alleges that plaintiff "at all times material hereto was a resident of The Villages, Sumter County, Florida." Id. It is well-settled that for diversity purposes, a person is considered a citizen of the state where that person is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *Lazo v. U.S. Airways, Inc.*, No. 08-80391-CIV, 2008 WL

4

3926430, at *5 (S.D. Fla. Aug. 21, 2008); *Stirzaker v. Howard*, No. 3:2000cv01350, 2001 WL 1090198, at *1 (M.D. Fla. Aug. 30, 2001). A person's domicile is the place of her true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom. *See Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, No. 3:2007cv00374, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007). A party's residence is prima facie evidence of a party's domicile. *See Katz v. J.C. Penney Corp.*, Inc., No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009). Accordingly, Plaintiff is a citizen of Florida for purposes of determining diversity of citizenship.

13. Defendant is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. Accordingly, Defendant is a citizen of Delaware and Arkansas for the purposes of determining this Court's subject matter jurisdiction. See 28 U.S.C. § 1332(c). Because Defendant is a citizen of Delaware and Arkansas and the Plaintiff is not, complete diversity of citizenship exists. See 28 U.S.C. § 1332; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

## VI. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

14. The amount in controversy exceeds $75,000, exclusive of interest and costs.

15. On December 15, 2014, the U.S. Supreme Court issued its decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014). In Dart, the Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold," id. at 554 (emphasis added),

- the defendant "may simply allege or assert that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" id. at 553- 54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and
- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."

*Id. at 553.*

16. Before *Dart*, the law in the Eleventh Circuit did not permit a defendant to remove by simply asserting a plausible allegation that the amount in controversy exceeded $75,000.00. *See Williams*, 269 F.3d at 1320 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

17. The *Dart* standard now permits Defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant's allegation is presumed correct. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554. Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until after the defendant files a notice of removal containing those allegations.

*Id.*

18. Even before *Dart*, courts held that even when an answer to a request for admission, more specifically the denial, or non-response, of a request to admit that the amount in controversy is less than the jurisdictional threshold, other discovery could establish the amount in

controversy and enable proper removal. For example, in *Field v. National Life Ins. Co.*, No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *8 (M.D. Fla. Jan. 22, 2001), the court decided that a response that denied that damages exceeded $75,000 was "other paper" under section 1446(b)(3):

> When a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a *request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed . . . . This discovery response will constitute "other paper" that affirmatively shows that the jurisdictional amount may be satisfied.*

*Id.*

19. Other federal courts in Florida agree. *See Williams v. Discount Auto Parts, LLC*, No. 1:14-22344-CIV, 2014 WL 4953753, at *1 (S.D. Fla. Oct. 1, 2014) (holding that removal was proper when the plaintiff denied a request for admission and, in doing so, "stated that her total damages are not less than or equal to $75,000"); *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850, at *1, *3 (M.D. Fla. Nov. 5, 2010) (holding that removal was proper after the plaintiff denied requests for admission "that the amount in controversy was less than $75,000 and that he sought to recover less than $75,000 in this lawsuit"); *Lasarso v. Best Buy Stores*, L.P., No. 8:08-cv-1420-T-30TGW, 2008 WL 3254210, at *1 (M.D. Fla. Aug. 7, 2008) (holding that removal was proper after "[d]efendants received a response to a Request for Admissions in which [p]laintiff denied that the damages sought would not exceed $75,000.00").

### VII.   FILING OF REMOVAL PAPERS

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiffs' counsel, and a Notice of Filing Notice of Removal is

simultaneously being filed with the Clerk of the Circuit Court in and for Marion County, Florida. A true and correct copy of this Notice is attached as part of Exhibit "E".

22. Thus, the state-court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Middle District of Florida, Ocala Division; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart*, 135 S. Ct. at 553; see also *Corp. Mgmt. Advisors, Inc*. v. Artjen Complexus, Inc., 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that the trial court cannot *sua sponte* remand a case as long as the removing party pleads the general basis for diversity jurisdiction).

**WHEREFORE,** Defendant, Wal-Mart Stores East, LP, hereby removes the above-captioned action from the Circuit Court in and for Marion County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

*(Remainder of page intentionally blank)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2019, a true and correct copy of the foregoing has been furnished by Florida Courts E-filing Portal to the Court and Electronic Mail to: D. Graham Anderson, Esq., Bogin, Munns & Munns, P.A., 1390 North Hancock Road, Suite 201, Clermont, FL, 34711, (ganderson@boginmunns.com; cscherr@boginmunns.com; aquintana@boginmunns.com; bmmservice@boginmunns.com).

*QUINTAIROS, PRIETO, WOOD & BOYER, P.A.*

*/s/ Michele D. Morales*_____
**MICHELE D. MORALES, ESQUIRE**
Florida Bar No.: 452149
**BRIAN A. FERY, ESQUIRE**
Florida Bar No.: 117707
255 South Orange Avenue, Suite 900
Orlando, FL 32801
Tel: (407) 872-6011
Fax: (407) 872-6012
Primary e-mail: mmorales.pleadings@qpwblaw.com
Attorneys for Defendant